IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

BRUCE ALLEN MYERS,

    Plaintiff,

v.                                              CASE NO. 1:10-cv-00254-MP-GRJ

JOHN DOE, et al,

    Defendants.

_____/

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this cause of action on December 27, 2010, by filing a letter entitled "Confidential Legal Correspondence," which did not include a list of any defendants and which failed to allege the nature of the claims asserted. (Doc. 1.) Plaintiff was directed to file an amended complaint on the Court's standard forms for a civil rights action. Although Plaintiff filed an amended complaint, the complaint did not include any facts supporting Plaintiff's claims. Plaintiff, however, identified as "John Doe" defendants a prison guard, the Assistant Warden and the Warden, each of whom works at Union Correctional Institution. (Doc. 7.) After filing the amended complaint Plaintiff filed a letter – which was largely indecipherable – with a grievance attached that described events which occurred at Union Correctional Institution. (Doc. 10.) On December 27, 2010, the date the original complaint was filed, Plaintiff was incarcerated at Union CI. Based upon the most recent filing by Plaintiff it now appears that the Plaintiff is being held in custody at Suwannee Correctional Institution in Live Oak, Florida. Both institutions are located within the geographical jurisdiction of the Middle

District of Florida.

Consequently, because there was no basis for venue in the Northern District of Florida the Court directed Plaintiff to show cause why venue was properly laid in the Northern District of Florida and if venue was improper why the case should be transferred rather than dismissed under 28 U.S.C. §1406(a).

Rather than filing a response to the Court's Show Cause Order, Plaintiff filed a letter on March 14, 2011, requesting the Court to investigate his case and allow him to view pictures of officers at Union CI so that he could identify the defendants. (Doc. 13.) On March 18, 2011 – after filing the letter in response to the show cause order – Plaintiff filed another Amended Complaint, which is equally as indecipherable at the prior complaint. This time the Plaintiff named only one John Doe guard at Union Correctional Institution as a defendant. Plaintiff also added additional issues related to his trial and criminal conviction in Pinellas County. (Doc. 14.)

Notably absent from the letter and from the amended complaint, however, is any mention why venue is proper in the Northern District of Florida and any mention why this case should be transferred instead of dismissed. [1]

Plaintiff has been afforded an opportunity to show cause why venue is properly

---

[1] In addition to Plaintiff's failure to show cause why venue is proper in the Northern District of Florida. a review of the court's electronic docketing system shows that Plaintiff filed a civil rights case in the Middle District of Florida against Florida State Prison on June 13, 2008, which was dismissed because the court was unable to determine the nature of the claims and Plaintiff failed to file an amended complaint as directed. Myers v. Florida State Prison, No. 6:08cv969-Orl-28KRS. Moreover, Plaintiff initiated two miscellaneous cases by letter in the Middle District of Florida, each of which was closed without further action. Myers v. DOC, No. 8:07mc087-JSM-MSS and Myers v. Lance, No. 8:10mc037-EAK-AEP. Plaintiff also filed a habeas petition that was dismissed because Plaintiff failed to file the petition on the appropriate forms as directed. Myers v. Attorney General, No. 6:09cv1269-GKS-DAB. Plaintiff, therefore, has a track record of failing to prosecute claims successfully despite receiving instructions from the court and a track record of filing cases resulting in dismissal because the claims were indecipherable.

laid in the Northern District of Florida and to show cause why transfer instead of dismissal is appropriate. Plaintiff has failed to provide any argument or evidence demonstrating that the Defendants or the events giving rise to the claims occurred in the Northern District of Florida. Simply put, there is no connection between the Northern District of Florida and this case. The Plaintiff, the Defendant and all of the events in this case occurred in the Middle District of Florida and not in the Northern District of Florida.

Pursuant 28 U.S.C. § 1406(a), the Court may dismiss or, in the interests of justice, may transfer a cause of action to any district in which it could have been brought. The decision to transfer or dismiss a case under § 1406(a) is left to the sound discretion of the district court. Pinson v. Rumsfeld, 192 Fed. Appx. 811, 817 (11th Cir. 2006). Generally, the interests of justice favor transfer rather than dismissal, especially where dismissal may permanently bar the plaintiff from having his claims decided on the merits, such as when the statute of limitations is an issue. Boutwell v. Advance Constr. Services, Inc., No. 07-0447-WS-C, 2007 WL 2988238, * 3 (S. D. Ala. Oct. 11, 2007).

Based upon a review of the most recent amended complaint, insufficient facts have been alleged to determine the nature of the suit and Plaintiff has not yet even identified the name of the Defendant. And because the Plaintiff has failed to even identify the relevant dates when the conduct occurred about which Plaintiff complains, it is impossible to determine whether the applicable limitations period would be implicated by a dismissal.

Accordingly, in view of the fact that Plaintiff has not demonstrated any reasons

why this case should be transferred and in recognition of the fact that Plaintiff, thus far, has not even alleged any arguable basis to support a claim, the Court concludes that the interests of justice do not favor a transfer but instead favor dismissal.

In light of the foregoing, it is respectfully **RECOMMENDED**:

That this cause of action be **DISMISSED** without prejudice for lack of proper venue pursuant to 28 U.S.C. §1406(a).

At Gainesville, Florida, this 21st day of March, 2011.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**